

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-3-2008

# USA v. Browne

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5057

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Browne" (2008). *2008 Decisions*. Paper 905.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/905

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-5057

UNITED STATES OF AMERICA

v.

MARK BROWNE,
Appellant

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 05-cr-00053
(Honorable Stanley R. Chessler)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2008

Before: McKEE and ROTH, *Circuit Judges*, and PADOVA, *District Judge*[*]

(Filed July 3, 2008)

OPINION OF THE COURT

_____

[*]The Honorable John R. Padova, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

McKee, *Circuit Judge*.

Defendant Mark Browne appeals his conviction and judgment of sentence. We have jurisdiction over the case pursuant to 28 U.S.C. § 1291. Browne's attorney has filed a motion to withdraw as counsel and has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Browne did not file a *pro se* brief. We will affirm.

I.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the procedural or factual background except insofar as may be helpful to our brief discussion. Under the terms of Browne's plea agreement, he stipulated that (i) the loss for the underlying fraud was more than $200,000 and less than $400,000; (ii) the conspiracy involved five or more participants; and (iii) Browne was the organizer of the conspiracy. Browne waived his right to appeal so long as the guidelines calculation was a total offense level of 21 or less.

A Presentence Investigation Report ("PSR") was prepared to assist the district court at sentencing. The PSR assigned a base offense level of 6 to Browne's offense. Given the stipulated amount of loss, the PSR increased the base offense by 12 levels. Browne also received an enhancement of two points because more than five false identification documents were involved and an enhancement of four levels for being the organizer and/or leader of the conspiracy. Finally, the PSR assigned two additional points because more than ten victims were involved. After a three point downward adjustment

for acceptance of responsibility, Browne's offense level was 23. The PSR classified Browne in criminal history category VI. The guideline range for an offense level of 23 and a criminal history category of VI is 92 to 115 months imprisonment. However, the statutory maximum for the charge to which Browne pleaded guilty is 5 years, or 60 months.

At sentencing, the district court granted the request of defense counsel and the government to lower the offense level from 23 to 21 in accordance with the plea agreement. The court went on to note that an offense level of 21 with a criminal history category of VI yielded a guideline range of 77 to 96 months, and that even if the criminal history category was reduced to V the range would be 70 to 87 months - well above the statutory maximum. Indicating that the sentence would have been higher if not for the statutory maximum, the district court sentenced Browne to 58 months imprisonment and a subsequent three-year term of supervised release.[1]

## II.

Third Circuit Local Appellate Rule 109.2(a) provides: "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief

---

[1] The district court granted a two month reduction in sentence (from 60 to 58 months) because Browne had not been returned to the custody of New York state during the time period between his plea and sentence, resulting in the loss of two months of New York State jail time credit. Judge Chessler agreed to give Browne the credit on his federal sentence.

3

pursuant to *Anders v. California* . . . ." Our inquiry when counsel submits an *Anders* brief is "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001)

III.

In his *Anders* brief, counsel identifies three potential issues for appeal but concludes that all three are frivolous. The three issues are: (i) whether Browne's plea was knowing and voluntary; (ii) whether the sentencing guideline enhancements were properly proven; and (iii) whether the district court properly considered the 3553(a) factors in determining Browne's sentence. After independently reviewing the record, we agree with defense counsel's contention that none of these issues has merit.

The record shows that the court thoroughly and accurately informed the defendant of the rights he would forego by entering a guilty plea. Browne stated that he had read the entire plea agreement, discussed it with his attorney, and understood its terms. Nothing in this record even suggests that Browne's decision to plead guilty was anything other than knowing, voluntary, and intelligent.

It is not clear that the calculation of the guideline sentence is even a proper basis for appeal, as Mr. Browne waived the right "to file any appeal . . . which challenges the sentencing court's determination or imposition of the offense level if the total offense level determine by the court is equal or less than 21." J.A. 28. Nevertheless, Browne

4

admitted to the facts that support each enhancement in his allocution and the stipulations in his plea agreement. The only enhancement in the PSR to which Browne had not made an admission (that there were more than ten victims) was objected to and the calculation amended accordingly by the district court.

Finally, it is apparent on the record that the district court carefully considered all of the 18 U.S.C. 3553(a) factors in sentencing Browne. After hearing from defense counsel, the government, Browne himself, and Browne's aunt, Judge Chessler explained that he would have imposed a higher sentence if the court "were not limited by the statutory maximum in this case." J.A. 86. The district court considered Browne's "demonstrated danger to society," as well as his "unwillingness or inability to rehabilitate [him]self" and the "need to protect society and to finally send [him] a message . . . ." *Id.* In short, the district court's sentence is reasonable and nothing in this record suggests otherwise.

IV.

For the foregoing reasons, we will affirm the conviction and judgment of sentence. Defense counsel's motion to withdraw is granted. Further, the issues presented in this appeal lack legal merit and do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2 (2002).